# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**VICTOR CAMERON,**
**Claimant Below, Petitioner**

**FILED**

September 15, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-1087** (BOR Appeal No. 2053122)
(Claim No. 2014031885)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Victor Cameron, by Counsel Robert L. Stultz, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Murray American Energy, Inc., by Counsel David K. Liberati, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator found that Mr. Cameron was fully compensated by a prior 15% award on April 7, 2017. The Office of Judges affirmed the decision in its June 28, 2018, Order. The Order was affirmed by the Board of Review on November 13, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cameron, a coal miner, was exposed to the hazards of occupational pneumoconiosis during the course of his employment. A.E. Frenn, M.D., treated Mr. Cameron for heart disease, chest pain, and shortness of breath from June of 2007 through September of 2016. Dr. Frenn noted in 2016 that Mr. Cameron smoked for thirty years and quit smoking a year and a half prior.

In the February 24, 2014, Employees' Report of Occupational Pneumoconiosis, Mr. Cameron indicated he was exposed to the hazards of occupational pneumoconiosis for seven and a half years. Mr. Cameron provided a work history. He stated that he worked for McElroy Coal (now Murray American Energy, Inc.) from May of 2006 through January of 2014 and was exposed

1

to coal dust, rock dust, and silica. He worked for Cameron Heating and Cooling from January of 2000 through May of 2006 and was exposed to wood, coal, and metal dust. From 1986 through 1998, Mr. Cameron was employed by Sugar Creek Heating and Cooling, where he was exposed to wood, coal, and metal dust. Lastly, Mr. Cameron worked for Consol Energy from 1971 through 1982 and was exposed to coal, rock, and silica dust during that time. The claims administrator found that Mr. Cameron met the presumptive nonmedical requirements for an occupational pneumoconiosis claim on June 30, 2014.

The Occupational Pneumoconiosis Board issued findings on October 21, 2014. It determined that Mr. Cameron was exposed to the hazards of occupational pneumoconiosis for twenty years. He retired in January of 2014. Mr. Cameron reported shortness of breath for ten to fifteen years and a chronic cough and wheezing for eight to ten years. The Occupational Pneumoconiosis Board determined that he had markedly suppressed breath sounds in both lungs with mild wheezing throughout both lung fields. However, the chest x-rays showed insufficient evidence of occupational pneumoconiosis.

Jack Kinder, M.D., of the Occupational Pneumoconiosis Board, testified in a hearing on April 1, 2015, that pulmonary function studies conducted by the Board indicate 60% pulmonary impairment; however, only 15% was attributable to occupational pneumoconiosis. Dr. Kinder opined that the remainder of the impairment was due to cigarette smoking. Mr. Cameron reported that he smoked a pack and a half a day for twenty-five years. Dr. Kinder stated that chest x-rays are not consistent with occupational pneumoconiosis and the pulmonary function studies were more consistent with smoking-related bronchospastic lung disease. Bradley Henry, M.D., also of the Occupational Pneumoconiosis Board, concurred. The claimant was granted a 15% permanent partial disability award on December 18, 2014.

On July 27, 2016, Melvin Saludes, M.D., performed an occupational lung disease evaluation in which he found that Mr. Cameron had diminished breath sounds but no crackles or wheezing. Dr. Saludes found that x-rays showed no evidence consistent with occupational pneumoconiosis. Dr. Saludes diagnosed legal pneumoconiosis with no evidence of simple coal workers' occupational pneumoconiosis. Dr. Saludes also found that Mr. Cameron has severe obstructive lung disease, likely due to occupational exposure and cigarette smoking. It was noted that he had significant improvement with post-bronchodilator medication.

An October 10, 2016, chest x-ray showed no evidence of pneumoconiosis but did show atelectasis in the left lung. Pulmonary function studies performed on February 16, 2017, showed pre-bronchodilator FVC was 67% of predicted and post-bronchodilator was 88%. Pre-bronchodilator FEV1 was 43% and post-bronchodilator was 60%. Pre-bronchodilator FEV1/FVC ratio was 48 and post-bronchodilator was 51.

The Occupational Pneumoconiosis Board issued findings on February 16, 2017, in which it stated that Mr. Cameron showed mild suppressed breath sounds and mild wheezing. Chest x-rays showed no evidence of occupational pneumoconiosis. The Board concluded that Mr. Cameron was fully compensated by his prior 15% permanent partial disability award. The claims

administrator found Mr. Cameron was fully compensated by a prior 15% permanent partial disability award on April 7, 2017.

The Occupational Pneumoconiosis Board held a hearing on June 7, 2017, in which Johnsey Leef, M.D., testified that chest x-rays showed no evidence of occupational pneumoconiosis. Dr. Kinder testified that Mr. Cameron is totally disabled from a pulmonary aspect. Dr. Kinder found that he was diagnosed with chronic obstructive pulmonary disease in 2012 and had a smoking history of thirty years. Dr. Kinder opined that Mr. Cameron's pulmonary impairment was the result of asthma or chronic obstructive pulmonary disease due to his extensive history of cigarette smoking. Dr. Kinder stated that the Board made a mistake by finding that Mr. Cameron was fully compensated by his 15% permanent partial disability award. He believed it should be increased to 20%. Mr. Cameron's chest x-rays did not show a large amount of emphysema or chronic obstructive pulmonary disease, as would be expected. Dr. Henry agreed with Dr. Kinder's opinion.

Pulmonary function studies were performed on August 3, 2017, and showed pre-bronchodilator FVC was 74% of predicted and post-bronchodilator was 82%. Pre-bronchodilator FEV1 was 47% and post-bronchodilator was 55%. Pre-bronchodilator FEV1/FVC ratio was 48 and post-bronchodilator was 50. Members of the Occupational Pneumoconiosis Board testified in a final hearing on June 6, 2018. Dr. Kinder reversed his prior opinion that Mr. Cameron had 20% impairment due to occupational pneumoconiosis. He stated that in the most recent pulmonary function studies, Mr. Cameron showed significant reversibility after bronchodilators were administered. This indicates impairment that is not related to occupational pneumoconiosis. His final opinion was that Mr. Cameron has no more than 15% impairment due to occupational pneumoconiosis.

The Office of Judges affirmed the claims administrator's decision finding no more than 15% impairment in its June 28, 2018, Order. It was noted that Mr. Cameron had a significant smoking history, which played a key role in his pulmonary impairment. The Office of Judges found that Dr. Kinder previously opined that Mr. Cameron had 20% impairment due to occupational pneumoconiosis. However, after additional testing, Dr. Kinder asserted that he has no more than 15% permanent partial disability due to occupational pneumoconiosis. The Office of Judges found that Mr. Cameron presented no evidence showing that the Occupational Pneumoconiosis Board's opinion was clearly wrong. The Office of Judges therefore concluded that Mr. Cameron is entitled to no more than 15% impairment due to occupational pneumoconiosis. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on November 13, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-6a, provides that the Office of Judges "shall affirm the decision of the Occupational Pneumoconiosis Board made following [the] hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record." Dr. Kinder previously found that Mr. Cameron had 20% impairment. However, after additional testing, Dr. Kinder concluded that Mr. Cameron had no more than 15% impairment due to occupational pneumoconiosis. No evidence was presented to contradict the Occupational Pneumoconiosis Board's opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 15, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4